## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

TROY JAY RHODES,

             Plaintiff,

vs.

CIVIL COMMITMENT UNIT FOR
SEXUAL OFFENDERS,

             Defendant.

No. C25-4020-LTS

**MEMORANDUM
OPINION AND ORDER**

---

This matter is before me pursuant to a pro se motion (Doc. 1) to proceed in forma pauperis filed by plaintiff Troy Rhodes. Rhodes also filed a 42 U.S.C. § 1983 complaint (Doc. 1-1) and a motion (Doc. 2) to appoint counsel. Rhodes is committed to the Civil Commitment Unit for Sexual Offenders (CCUSO) located in Cherokee, Iowa.[1] In his complaint, Rhodes requests that he be allowed to shop online.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Rhodes did not pay the filing fee but filed a motion (Doc. 1) to proceed in forma pauperis.[2] The doctrine of in forma pauperis allows an indigent plaintiff to proceed

---

[1] CCUSO is not a prison. Instead, it "provides a secure, long-term, and highly-structured setting to treat sexually violent predators who have served their prison terms, but who, in a separate civil trial, have been found likely to commit further violent sexual offenses." *Civil Commitment Unit for Sexual Offenders*, Iowa Department of Health and Human Services, https://hhs.iowa.gov/family-community/specialty-care-facilities/civil-commitment-unit-sexual-offenders (August 22, 2025).

[2] The filing fee for a 42 U.S.C. § 1983 action is $405, which includes a $350 filing fee set out in 28 U.S.C. § 1914(a) and an additional $55.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $55 . . ..").

without incurring filing fees or other court costs. 28 U.S.C. § 1915(a)(1).[3] Thus, plaintiffs who apply for and receive in forma pauperis (IFP) status may file their cases for free. However, under the Prison Litigation Reform Act (PLRA), prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. *Id*. As noted above, Huston is committed to the CCUSO facility located in Cherokee, Iowa. The Iowa Code specifies that the persons confined at CCUSO are not prisoners, but civilly-committed patients who suffer from a "mental abnormality." Iowa Code Ch. 229A (generally); Iowa Code § 229A.2(11).

Numerous courts have considered the question of whether a patient committed to a state hospital is a prisoner under 28 U.S.C. § 1915. The Eighth Circuit Court of Appeals has held that civilly-committed individuals are not prisoners and, therefore, are not subject to 28 U.S.C. § 1915(a)-(b). *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). Other courts have reached the same conclusion. *See Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir. 2006), *cert. denied*, 548 U.S. 910 (2006):

> However, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. … *see also Kansas v. Hendricks*, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. *See … Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

---

[3] Despite an oft acknowledged typographical error, § 1915(a) applies to both prisoners and non-prisoners. *See Hayes v. United States*, 71 Fed. Cl. 366, 367 (2006) (citing, *e.g., Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997)).

2

*id*. at 727-28 (some internal citations omitted.); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) ("We agree with *Page, Kolocotronis*, and the other opinions that have held the PLRA's straightforward definition of "prisoner" to apply only to persons incarcerated as punishment for a criminal conviction."); *Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009) ("Accordingly, we hold that the fee payment provisions of § 1915 applicable to a 'prisoner,' as defined by § 1915(h), do not apply to those civilly committed under the KSVPA."). Thus, the prisoner pay schedule contained in the PLRA is not applicable to cases brought by CCUSO patients. If a civilly-committed plaintiff is entitled to IFP status, that plaintiff may proceed without the payment of fees.

To qualify for IFP status, a non-prisoner plaintiff must provide an affidavit containing: (1) a statement of the nature of the action, (2) a statement that plaintiff is entitled to redress, (3) a statement of the assets plaintiff possesses, and (4) a statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). After considering Rhodes' motion, I find it substantially complies with the requirements set out above. Thus, his motion to proceed in forma pauperis (Doc. 1) will be granted.

## II. INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

3

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts generally rely on the standards articulated pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

## III. INITIAL REVIEW ANALYSIS

### A. § 1983 Standard

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271

4

(1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (§ 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    *Rhodes' Complaint*

Rhodes names CCUSO, which is a department of the State of Iowa, as the sole defendant in this case. Section 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In *Will v. Michigan Dept. of State Police*, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they were not suable entities). The State of Iowa and its departments are not persons within the meaning of § 1983. Thus, Rhodes has failed to name a proper defendant.

5

Additionally, Rhodes fails to state a claim for which relief can be granted. Although Rhodes' filing is long, it is summarized in the first few lines of his "Statement of Claim."

> I am attempting to change policy... I have asked to have the availability to have online shopping. I have submitted a proposal to the treatment team which I felt along with several staff, would be of great benefit to us individuals. This proposal was turned down. I am wishing to help us to have the option of having more affordable shopping that is not as expensive as the vendors that are already approved. I am wishing that, for the ones who do not know how to, the experience of working online; such as shopping, bill paying, and general usable, be able to be learnt in the secure environment. I wish this so that should an individual be released, they will not be overwhelmed by unguided experience. I am also wishing for this option due to the fact that we civilly committed individuals are falling behind society, putting us dangerously behind. This is making it so that should we advance to a status of being in society, or even released, we may feel inadequate or insecure.

Doc. 1-1 at 3. I will read this as Rhodes making a claim that his rights are being violated because he cannot purchase commissary type items via the internet or online.

As civilly committed persons, CCUSO patients are entitled to at least the same protections under the Fourteenth Amendment Due Process Clause as prisoners receive under the Eighth Amendment, and the same legal standard applies. *See Allan v. Gandhi*, No. 24-CV-3088, 2025 WL 1373043, at \*3 (D. Minn. Apr. 21, 2025), report and recommendation adopted, No. 24-CV-3088, 2025 WL 1371888 (D. Minn. May 12, 2025); *see also Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (holding that deliberate indifference claims brought by pretrial detainees are evaluated under the same standard as claims brought by prisoners); *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (applying the same standard to claims brought by pretrial detainees and civilly-committed persons); *Nelson v. Shuffman*, 603 F.3d 439, 446 fn.3 (8th Cir. 2010) (same). The Eighth Circuit Court of Appeals typically applies the same standards to

civilly committed individuals as pretrial detainees.[4]  And under the law of this circuit, prisoners have no right to purchase particular items while incarcerated.  As one court viewing a similar claim explained:

> the Court will dismiss this action as legally frivolous, because these claims simply are not cognizable under § 1983. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (to state a claim under § 1983, plaintiff must allege that (1) defendant acted under color of state law, and (2) defendant's alleged conduct deprived plaintiff of a constitutionally-protected federal right). "Commissary prices implicate no constitutional right … [A prisoner has] no constitutionally protected interest in commissary privileges or commissary prices and, certainly, no legal basis for demanding that he be offered commissary items tax-free." *Poole v. Stubblefield*, 2005 WL 2290450, at *2 (E.D. Mo. Sept. 20, 2005); *see also Bright v. Thompson*, 2011 WL 2215011, at *4 (W.D. Ky. June 6, 2011) (inmate has no federal constitutional right to purchase items from a commissary at a certain price and without tax); *Vega v. Rell*, 2011 WL 2471295, at *25 (D. Conn. June 21, 2011) (inmates have no constitutional right to purchase items from a prison commissary, and the Court can discern no federal law that is violated by requiring inmates to pay state sales tax on their purchases); *Boyd v. Lasher*, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010) (inmate's claims of being overcharged for commissary purchases and taxed without representation fail to state a claim of violation of constitutional rights cognizable under § 1983); *Verrette v. Randolph*, 2009 WL 103715, at *9 (E.D.La.2009) (collection of state taxes on prison commissary purchases does not violate plaintiff's constitutional rights); *Tolbert v. City of Montgomery*, 2008 WL 819067, at *1 (M.D. Ala. Mar. 25, 2008) (inmates have no constitutionally-protected interest in purchasing goods available through the prison commissary, let alone a protected interest in not paying the tax associated with making purchases; such a claim

---

[4] The law holds that prisoners can be punished; pretrial detainees (and civilly committed patients) cannot.  However, the distinction between the Cruel and Unusual Punishment Clause and the Due Process Clause "makes little difference as a practical matter" because the same legal standard is applied, *see Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007); *Smith v. Lisenbe*, 73 F.4th 596, 600 (8th Cir. 2023); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) ("the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not."); *Smith v. Conway Cnty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014); *see also Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (pretrial detainees afforded greater protection than convicted inmates in that the Due Process Clause prohibits detainees from being punished).

is "patently absurd"); *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (inmate's claim that commissary charged outrageous prices failed to state a constitutional claim); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed.").

*Roberts v. Nixon*, No. 1:14-CV-35, 2014 WL 1648840, at \*2 (E.D. Mo. Apr. 24, 2014). Other courts have held this to be true whether the person is a prisoner or a pretrial detainee. *See, e.g., Davis v. Shaw*, No. 08 CIV. 364, 2009 WL 1490609, at \*1 (S.D.N.Y. May 20, 2009).

Because there is no right to access a prison commissary or to purchase particular items while in confinement, the fact that CCUSO does not allow Rhodes to purchase items online or via the internet does not amount to a violation of his constitutional rights.[5] Thus, Rhodes has failed to state a claim for which relief can be granted.

## IV.  CONCLUSION

For the reasons set forth herein:

1.  Rhodes' motion (Doc. 1) to proceed in forma pauperis is **granted**.

2.  The Clerk's office shall docket the complaint (Doc. 1-1) without the payment of fees.

---

[5] "No binding case law exists about whether [civilly committed individuals] have a right to access the internet" generally. *Daywitt v. Harpstead*, No. 20-CV-1743 (NEB/ECW), 2023 WL 6366610, at \*5 (D. Minn. Sept. 29, 2023), *aff'd*, No. 24-1138, 2024 WL 4234951 (8th Cir. Sept. 19, 2024). In *Daywitt*, the district court assumed that a general right to access the internet may exist, however, applied the four-factor test from *Turner v. Safley*, 482 U.S. 78, 85 (1987) to find that a policy denying general internet access to Minnesota's civilly committed sex offenders was constitutional. *Daywitt*, 2023 WL 6366610, at \*7 ("[b]ecause all modified *Turner* factors support finding that the policies are constitutional, the MSOP policies do not violate the First Amendment right to information through access to the internet.")

3.      After an initial review, Rhodes has failed to state a claim for which relief can be granted. His complaint (Doc. 1-1) is **denied** and this case is **dismissed**.

4.      Rhodes' motion (Doc. 2) to appoint counsel is **denied** as moot.

**IT IS SO ORDERED** this 27th day of March, 2026.

_____
Leonard T. Strand
United States District Judge

9